Luke SKRABLE *v.* ST. VINCENT INFIRMARY

CA 96-743                                                943 S.W.2d 236

Court of Appeals of Arkansas
Division II
Opinion delivered April 30, 1997

*Floyd A. Healy*, for appellant.

*Jack. Lyon & Jones, P.A.*, by: *Stephen W. Jones* and *Gary D. Jiles*, for appellee.

JUDITH ROGERS, Judge. The appellant, Luke Skrable, appeals from the trial court's decision granting appellee, St. Vincent Infirmary's, motion for summary judgment on appellant's claim for wrongful discharge. On appeal, appellant contends that the trial court's decision was based on an incorrect analysis and misapplication of the public policy exception to the at-will-employment doctrine. We disagree and affirm.

Appellant was hired by appellee in 1993. In May of 1994, he was made an account executive in appellee's Life Line Program, which is a system designed to help elderly persons and others in obtaining assistance in the event of an emergency. Appellant's duties included selling Life Line Program units throughout the state and insuring that the units were in good working condition. Appellee terminated appellant's employment effective May 10, 1995.

Appellant subsequently brought this suit against appellee for wrongful discharge. By his complaint, appellant did not dispute that his contract of employment was terminable at will, but he contended that he was wrongfully discharged for a reason that was contrary to public policy. He alleged that he was fired after he had threatened to inform the Arkansas Department of Human Services [ hereinafter "DHS"] of problems with the Life Line Program and of appellee's failure to take corrective action. Appellee denied that there were any problems with the Life Line Program and denied that appellant's threat of exposure played any role in its decision to terminate appellant. Appellee later moved for summary judgment contending that, even if this had been a reason for appellant's termination, the firing of appellant did not offend public policy. Appellee maintained that its relationship with DHS was contractual and that appellant had failed to identify any specific constitutional or statutory provision that it had allegedly violated in its operation of the Life Line Program. The trial court granted appellee's motion for summary judgment, ruling that appellant had not shown that appellee's business practices violated any law or other defined public policy of this state. On appeal,

appellant contends that the trial court erred in its interpretation and application of the public policy exception.

■ Summary judgment should be granted only when a review of the pleadings, depositions and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Johnson v. Harrywell*, 47 Ark. App. 61, 885 S.W.2d 25 (1994). We review all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Equity Fire & Casualty Co. v. Needham*, 323 Ark. 22, 912 S.W.2d 926 (1996). Where the operative facts are undisputed, this court simply determines on appeal whether the appellee was entitled to summary judgment as a matter of law. *American States Ins. Co. v. Southern Guar. Ins. Co.*, 53 Ark. App. 84, 919 S.W.2d 221 (1996). While it would be for a jury to determine the reason for the plaintiff's termination, the question of whether the reason asserted by the plaintiff was in violation of a well-established public policy of the state is ordinarily a question of law for the court. *Koenighan v. Schilling Motors, Inc.*, 35 Ark. 94, 811 S.W.2d 342 (1991). For the purposes of this opinion, we will assume that appellant was fired for the reason asserted by him in his complaint.

■ It is the general rule that when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause. *City of Green Forest v. Morse*, 316 Ark. 540, 873 S.W.2d 155 (1994). Generally, employment is held only by mutual consent, and at common law the right of the employer to terminate the employment is unconditional and absolute. *Marine Services Unlimited, Inc. v. Rakes*, 323 Ark. 757, 918 S.W.2d 132 (1996).

■ In *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), the supreme court recognized the public policy exception to the at-will-employment doctrine. The court said:

> Following our lead in *Counce, supra*, we acknowledge that an employer should not have an absolute and unfettered right to terminate an employee for an act done for the good of the public.

Therefore, we hold that an at-will employee has a cause of action for wrongful discharge if he or she is fired in violation of a well-established public policy of the state. This is a limited exception to the employment-at-will doctrine. It is not meant to protect merely proprietary interests. *Wagner, supra.*

*Id.* at 249, 743 S.W.2d at 385. In *Sterling*, the employee alleged that he was fired because the employer believed that he had reported its use of false information in contract negotiations with a federal agency. It was said that providing false and inaccurate data to the agency was a violation of federal law for which the employer had paid $1,075,000 in a settlement with the government. In finding that appellee had a claim for wrongful discharge, the court noted that a state's public policy is found in its constitution and statutes, and it referred to Ark. Code Ann. § 5-53-112 (Repl. 1993), which provides:

(1) A person commits the offense of retaliation against a witness, informant, or juror if he harms or threatens to harm another by any unlawful act in retaliation for anything lawfully done in the capacity of witness, informant, or juror.

(2) Retaliation against witnesses, informants, or jurors is a class A misdemeanor.

The court concluded that this statute illustrated that there was an established public policy favoring citizen informants and crime fighters and that the public policy of this state is contravened if an employer discharges an employee for reporting a violation of state or federal law.

■ The appellant here contends, citing the statute referred to in *Sterling, supra,* that public policy favors whistle blowers, and argues that, like the employee in *Sterling,* his claim comes within the ambit of the public policy exception because he was fired in retaliation for threatening to report problems with the Life Line Program to DHS. We agree, however, with the trial court that the termination of an employee who divulges or threatens to expose mere deficiencies in an employer's performance of its contractual obligations does not offend public policy. As was said by the court in *Sterling,* the public policy exception is limited and narrow in scope. We thus cannot conclude that it embraces the

claim of an employee who is fired for threatening to undermine an employer's private, contractual relationships. To be sure, appellee provides what can be considered a vital service to the customers who subscribe to its program. However, appellant did not, and has not, represented that appellee was violating any law in its operation of the program. As found by the trial court, this distinguishes this case from that of *Sterling*. We hold that the trial court did not err in ruling that appellant did not have a claim for wrongful discharge and that appellee was entitled to judgment as a matter of law.

Affirmed.

COOPER and MEADS, JJ., agree.