Terry HICE *v.* CITY of FORT SMITH, Arkansas;
Garry Campbell and Steve Parke

CA 01-435                                          58 S.W.3d 870

Court of Appeals of Arkansas
Division III
Opinion delivered November 7, 2001

*James R. Filyaw*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield*, for appellees.

JOHN B. ROBBINS, Judge. Appellant Terry W. Hice appeals the entry of summary judgment against him by the Sebastian County Chancery Court in his suit against appellee City of Fort Smith, Arkansas, alleging wrongful termination and seeking an injunction to compel the city to reinstate his employment, to compel remittance of back pay, and for his attorney's fees and costs. The chancery judge stated in his order granting summary judgment that Hice's employment was at-will, subject to termination by either party; that the personnel handbook recited that Hice's employment was at-will; that no exceptions to the at-will doctrine applied; and that the city was entitled to judgment as a matter of law. The dismissal was with prejudice. From that order comes this appeal. We affirm the entry of summary judgment.

### Standard of Review — Summary Judgment

The principles governing appellate review of summary-judgment cases have been often stated by our supreme court:

> The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189 (1998). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review

focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

*Shelton v. Fiser*, 340 Ark. 89, 95-96, 8 S.W.3d 557, 561 (2000) (quoting *Adams v. Arthur*, 333 Ark. 53, 62, 969 S.W.2d 598, 605 (1998)). Summary judgment is appropriate when the trial court finds that the allegations, taken as true, fail to state a cause of action. *See, e.g., Cottrell v. Cottrell*, 332 Ark. 352, 965 S.W.2d 129 (1998); *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997); *Hollomon v. Keadle*, 326 Ark. 168, 931 S.W.2d 413 (1996); *Rainey v. Travis*, 312 Ark. 460, 850 S.W.2d 839 (1993). Summary judgment can be entered in appropriate circumstances in the context of a wrongful-termination case. *See Skrable v. St. Vincent Infirmary*, 57 Ark. App. 164, 943 S.W.2d 236 (1997).

### The Employment-At-Will Doctrine

In Arkansas, the general rule is that an employer or an employee may terminate an employment relationship at will. *See Crain Indus., Inc. v. Cass*, 305 Ark. 566, 810 S.W.2d 910 (1991); *Gladden v. Arkansas Children's Hosp.*, 292 Ark. 130, 728 S.W.2d 501 (1987). There are two basic exceptions to the at-will doctrine: (1) where an employee relies upon a personnel manual that contains an express provision against termination except for cause; and (2) where the employment agreement contains a provision that the employee will not be discharged except for cause, even if the agreement has an unspecified term. *Gladden, supra; see also Ball v. Arkansas Dep't of Community Punishment*, 340 Ark. 424, 10 S.W.3d 873 (2000). An implied provision against the right to discharge will not be sufficient to invoke the exception to the at-will doctrine. *Gladden, supra; see also St. Edward Mercy Med. Ctr. v. Ellison*, 58 Ark. App. 100, 946 S.W.2d 726 (1997). An at-will employee can be fired for any reason, no reason, or even a morally wrong reason. *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991). Thus, the question of malice on the part of the employer is irrelevant. *See Ball, supra.*

In *Scholtes v. Signal Delivery Serv., Inc.*, 548 F. Supp. 487 (W.D. Ark. 1982), Judge H. Franklin Waters assessed the status of Arkansas law concerning the employment-at-will doctrine. He stated:

> [W]e have no hesitancy in concluding that Arkansas law would recognize at least four exceptions to the at-will doctrine, excluding

implied contracts and estoppel. These are: (1) cases in which the employee is discharged for refusing to violate a criminal statute; (2) cases in which the employee is discharged for exercising a statutory right; (3) cases in which the employee is discharged for complying with a statutory duty; and (4) cases in which employees are discharged in violation of the general public policy of the state.

Our supreme court considered the analysis of Judge Waters and adopted the public-policy exception in *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988). However, the supreme court noted that this limited exception was not meant to protect merely private or proprietary rights. *Id.* at 249; *see also Skrable v. St. Vincent Infirmary, supra.*

### Facts Surrounding Termination of Mr. Hice

With this exposition on the standard of review and the relevant law on employment at will, we examine the pleadings and the essentially undisputed facts. Mr. Hice worked for the City of Fort Smith as a lead man in the water department, having been employed since October 2, 1992. He advanced from an entry-level employee to a supervisor in his tenure. On May 27, 1998, Hice was told by his supervisor to provide a urine sample for purposes of drug testing, though Hice asserted that there was no explanation of reasonable suspicion for it, and he complied in fear of termination for refusal to test. After the results of that test came back positive for marijuana, Hice was terminated effective June 1, 1998.

Hice, acknowledging his status as an at-will employee, filed suit in chancery court. He claimed that the city had violated the terms of its personnel policy handbook, which stated that an employee could be required to submit to such a test upon "reasonable suspicion," which had to be described in writing. Hice averred that he felt obligated to submit to the drug screen in fear that he would otherwise be terminated for failure to submit per the employer's request. Hice further claimed that he submitted to another drug screen at his own expense on May 30, 1998, three days after the earlier screen, which result was negative for any controlled substances. Hice alleged that because the city required a drug screen without probable cause for one, in violation of its own personnel handbook and in violation of his constitutional rights to be free from unreasonable searches and seizures, and because the results were wrong, then he had no recourse but to seek an injunction in chancery court. He requested the chancery court to order his

reinstatement, payment of his wages dating back to termination, his attorney's fees, and his costs.

The city responded with a motion to dismiss and, alternatively, a motion for a more definite and certain complaint. Among the defenses asserted by the city was the allegation that regardless of whether Hice was correctly or incorrectly requested to submit to a drug screen, and regardless of the outcome of that test, he was subject to the employment-at-will doctrine. The city made it clear in its pleadings that it was convinced that it had reasonable cause to drug-test Hice and that it had other valid reasons, including falsifying records and taking unauthorized possession of city property, to terminate Hice.

The city subsequently filed a motion for summary judgment, arguing that Hice had no employment contract, that he was an at-will employee, and that the narrow exceptions to the at-will rule did not apply. The city asserted that it had valid bases for terminating Hice, though it was assuming Hice's allegations were true for the purposes of its motion for summary judgment. Hice resisted the motion, stating that he had a right to rely on the drug policy in the employee handbook as the only means by which a drug test could be required and that he was under an implied contract preventing such arbitrary and capricious action by his employer. Hice added that being forced to drug test under these circumstances violated his constitutional rights.

The city ordinance adopting the City of Fort Smith Personnel Policy and Procedure Handbook states in pertinent part:

> Neither this ordinance nor the contents of any personnel policy or future handbook that may be used by the City, nor any oral promise, shall constitute or imply an employment contract. Rather employment with the City of Fort Smith is at-will and for an indefinite period of time, capable of being terminated at any time by the employee or the City.

A similar statement in the personnel policy handbook, which was quoted and acknowledged by Hice in his brief to the trial court, unequivocally provided that the contents of the handbook could not be used, nor could any oral promise be alleged, to constitute or imply an employment contract. Indeed, the parties agree that Hice's employment was at will. However, the personnel policy outlined the expectations of the employer with regard to conduct on the job. The personnel policy contained a section titled,

"Drug-Free Workplace," which set forth the city's policy to maintain an environment free from the unlawful manufacture, distribution, dispensation, possession, or use or effect of a controlled substance, recognizing that such drugs impair employee judgment and have detrimental effects on productivity and safety. This section states further that violation of this policy "is absolutely prohibited and constitutes cause for termination," and that if a supervisor or department head has reasonable suspicion that an employee is under the influence of a controlled substance, then the employee will be required to submit to testing. The policy also sets out the bases for searching the property of employees and the city. The policy does not, by its terms, limit drug screens and searches to work place accidents or impairment of employees.

The trial court considered the pleadings, the documentary evidence attached, and the briefs of counsel, and it granted summary judgment in favor of the city. Hice appeals and argues to this court, as he did to the trial court, that (1) the city was not justified in terminating his employment because it violated the provisions of the personnel handbook upon which Hice was entitled to rely; (2) the drug screen violated his Fourth Amendment right to be free from unreasonable searches; and (3) the public-policy exception to the at-will doctrine should apply.

His arguments are not persuasive. Assuming all of Hice's allegations as true, the city was entitled to judgment as a matter of law. Both the city ordinance adopting the personnel handbook and the handbook itself clearly declare that there is no employment contract and that employment is at will. While the personnel handbook contains provisions describing methods for dismissal under certain circumstances and specifying kinds of conduct that could result in being dismissed, it does not contain provisions that an employee will not be discharged except for cause. See *Mertyris v. P.A.M. Transp., Inc.*, 310 Ark. 132, 832 S.W.2d 823 (1992) (holding that the P.A.M. Transport manual lists certain conduct that will result in termination, but nothing in the manual suggests that the list is intended to be exhaustive; thus, it would not only be unreasonable but absurd to interpret the manual as implicitly foreclosing termination for criminal acts and wrongful conduct beyond the seven violations listed in the manual); *Gladden v. Arkansas Children's Hosp.*, 292 Ark. 130, 728 S.W.2d 501 (1987) (holding that without a provision stating that an employee can be terminated only for cause, the at-will doctrine permitted termination in the absence of any reason at all; summary judgment and directed verdict in companion cases affirmed). And it is contrary to the dictates of *Gladden,*

*supra,* to imply such an agreement. Because the employer was not required to have good cause to terminate Hice's employment, the trial court did not err in entering summary judgment.

Hice also argues that his situation falls into a well-established public policy preventing a municipality from terminating an employee unless it follows its drug-free workplace policy to the letter. A "well-established" public policy of the State must be found in our statutes or in our constitution. *See Palmer v. Arkansas Council on Econ. Educ.,* 344 Ark. 461, 40 S.W.3d 784 (2001). Were we to assume that the employer did not follow the dictates of its handbook, we see no well-settled public policy that has been violated to bring Hice into an exception to the at-will doctrine. While an employer should not have an absolute and unfettered right to terminate an employee for an act done for the good of the public, *see Sterling Drug, supra,* we cannot discern any act here that Hice did for the good of the public. Hice was terminated for testing positive for marijuana on a drug screen, an act that does not advance public policy in Arkansas. As to Hice's contention that his rights under the Fourth Amendment to the United States Constitution and Article 2, Section 15, of the Arkansas Constitution to be free from unreasonable searches and seizures were violated, we disagree that his claims prove a basis to move forward. The termination was not motivated by an unlawful reason or purpose. *See, e.g., Qualls v. Hickory Springs Mfg. Co.,* 994 F.2d 505 (8th Cir. 1993); *Garner v. Rentenbach Constructors, Inc.,* 350 N.C. 567, 515 S.E.2d 438 (1999). Hice was terminated based upon his violation of the drug-free workplace policy; he was not terminated for refusal to test, which is the more common route by which claims of violating public policy arise. *See* 82 AM. JUR. 2d *Wrongful Discharge* § 77 (1992).

We affirm.

NEAL and CRABTREE, JJ., agree.