

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–200

| | |
|---|---|
| | **Opinion Delivered** March 2, 2016 |
| SHARON K. BARTON, ROBERT FRANKLIN BRYANT, GALLIE THOMAS BRYANT, AND FRANCES PAULETTE BRYANT<br><br>APPELLANTS | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CV-2012-721] |
| V. | HONORABLE H.G. FOSTER, JUDGE |
| BOBBY AND SHEILA BROCKINTON<br><br>APPELLEES | DISMISSED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

Sharon K. Barton, Robert Franklin Bryant, Gallie Thomas Bryant, and Paulette Frances Bryant (collectively the Bryants) filed a complaint for trespass and ejectment against Bobby and Sheila Brockinton in Faulkner County Circuit Court in August 2012. The Bryants and the Brockintons are adjacent landowners.

The Bryants amended their complaint in October 2012, alleging that the Brockintons had destroyed a fence, trespassed, and constructed three storage units on their land. The Bryants asked for a total of $40,000 in damages and for the court to eject the Brockintons from their property. The Brockintons responded to the Bryants' complaint, denied all allegations of wrongdoing, and raised fourteen affirmative defenses.

In April 2013, the Brockintons moved for summary judgment. The circuit court held a hearing on the summary-judgment motion in July 2013 and orally denied it. Two months later, the Brockintons filed a counterclaim, alleging that the Bryants' lawsuit "caused a cloud" on their title, making them unable to build duplexes on the property, and that they were entitled to $1,200 in monthly damages. The Bryants responded and argued, among other things, that the Brockintons failed to state sufficient facts upon which relief could be granted, and their counterclaim should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

The case was tried in April 2014 over the course of two days. The parties put forth competing surveys and testimony about the proper boundary line between the Brockintons' and Bryants' properties. The court entered a written order on 4 June 2014, stating,

1. This is the Court of proper jurisdiction and venue.

2. This case involved the location of a boundary between the property of the Plaintiffs and Defendants.

3. The Court finds the survey of Defendant's surveyor Tim Tyler to be true and correct.

4. The Plaintiffs failed in their burden to establish by a preponderance of the evidence that the boundary line they claimed between the parties' property was the true boundary.

5. The Plaintiffs' petition is denied and dismissed.

On 25 September 2014, the court entered an "amended" order, which was exactly the same as the June order except that it had a Rule 54(b) certificate attached. The Bryants filed a notice of appeal from the June 4 and September 25 orders, on 15 October 2014.

Because the orders the Bryants have appealed are neither final nor certified properly under Rule 54(b), we dismiss their appeal without prejudice for lack of a final, appealable order.

The question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise on its own. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. The requirement of a final judgment is the cornerstone of appellate jurisdiction; this court reviews only final orders. Ark. R. App. P.–Civ. 2(a). *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.*

Arkansas Rule of Civil Procedure 54(b) is an exception to this general rule and may apply when "one or more but fewer than all of the claims" is adjudicated. Ark. R. Civ. P. 54(b) (2015). Pursuant to Rule 54(b) a circuit court may direct "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." When determining that there is "no just reason for delay," the circuit court must weigh "the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Murry v. State Farm Mut. Auto. Ins. Co.*, 291 Ark. 445, 447, 725 S.W.2d 571, 572 (1987) (quoting *Federal Practice and Procedure* § 2659 (1983)).

Facts supporting a Rule 54(b) certification must be stated in the circuit court's order; that the record may contain facts supporting the circuit court's Rule 54(b) certificate is not

SLIP OPINION

sufficient. *See Bayird*, 2009 Ark. 455, at 4, 344 S.W.3d at 84 ("[M]erely tracking the language of Rule 54(b) will not suffice."). A circuit court's Rule 54(b) findings and certifications are reviewable for an abuse of discretion. *Id.* The role of the appellate court is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record." *Id.* Our supreme court has also stressed that the discretionary power of the circuit court to direct finality should be "exercised infrequently and only in harsh cases." *Robinson v. Villines*, 2012 Ark. 211, at 6. The time for filing a notice of appeal begins to run upon entry of a judgment that includes a proper Rule 54(b) certificate. *See* Ark. R. Civ. P. 54(b)(3); *see also Lee v. Martindale*, 363 Ark. 249, 213 S.W.3d 1 (2005).

The Bryants maintain that the certification is proper under Arkansas Rule of Civil Procedure 54(b), so they may appeal now. But the Brockintons ask us to dismiss the Bryants' appeal because (1) we lack "subject matter jurisdiction" due to an untimely notice of appeal, (2) the Rule 54(b) certificate is deficient, and (3) the appealed orders do not describe the boundary line between the parties with enough specificity.

On the first point, the Brockintons argue that the thirty-day window for filing a notice of appeal "should have started after [the June 4] non-final order." Their rationale is that "the closing of the case [by entry of the June 2014 judgment] should operate as a clear directive to the parties that they should make the necessary preparations for appeal." We reject this argument.

The Bryants did not have to appeal within thirty days of the June 2014 order. Pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil Procedure, a claim may be

dismissed without prejudice to a future action by the plaintiff before final submission of the case; but "it is effective only upon entry of a court order dismissing the action." Ark. R. Civ. P. 41(a)(1) (2015). Rule 41 also applies to the dismissal of any counterclaim, cross-claim, or third-party claim. Ark. R. Civ. P. 41(c). The Rule 54(b) certificate in this case states that the Brockintons "dismissed their counterclaim without prejudice"—but only a written order by the circuit court is sufficient to dismiss a claim. *Id.*; *see also Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008). Because there is no written order dismissing the counterclaim in the record, the June order was not final, absent a Rule 54(b) certificate. Because the June 2014 order was neither a final order nor certified pursuant to Rule 54(b), the Bryants did not have to appeal it within thirty days.

We agree with the Brockintons' second jurisdiction-related point and hold that the Rule 54(b) certification was ineffective in this case. Here is the certificate:

### Rule 54(b) Certificate

With respect to the issues determined by the above judgment, the court finds:

1. That the Tim Tyler survey in this matter establishes the correct boundary line between the parties' respective parcels of property; therefore, Plaintiffs failed to meet their burden of proof.

2. Defendants filed a counterclaim, however, they dismissed their counterclaim without prejudice. There has therefore been no ruling on the counterclaim which conceivably might be refiled since the dismissal was without prejudice.

3. The Plaintiffs state that they wish to appeal, and that the present ruling in this case should be susceptible to appeal at this time, because:

        a.      The ruling, until adjudicated upon appeal, infringes upon Plaintiffs' free use and enjoyment of the real property;

b.    The ruling, until adjudicated upon appeal, infringes upon the Plaintiffs' legal title to the real property; and

c.    There is no just reason to delay allowing Plaintiffs' appeal so that the ownership of the real property may be decided;

4.  The Court finds that if the Plaintiffs are required to delay an appeal of the ruling until the conclusion of the time in which Defendants may refile their counterclaim and try it on the merits, the parties will be required to expend substantial amounts of time and money in discovery, motions and trial, some of which will require use of the Court's time and resources as well, all of which may be unnecessary depending on the results of appellate review of the appeal of this case.   Likewise, the parties' claim to and free use and enjoyment of the disputed real property will be severely limited during the pendency of this litigation and appellate review of the same, resulting in hardship and/or injustice to the final prevailing party.

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

Essentially, the circuit court gave four reasons why this appeal should be allowed without delay:

- The Brockintons may "refile their counterclaim."

- The parties "will be required to expend substantial amounts of time and money" which may be unnecessary if the Bryants win now on appeal.

- A counterclaim may "require use of the Court's time and resources."

- The Bryants' "free use and enjoyment of the disputed real property" will be limited during the appeal "resulting in hardship and/or injustice."

These reasons do not adequately support an immediate appeal.  The hardship or injustice of the Brockintons "refiling" their counterclaim is not an issue because the counterclaim has never been dismissed.  And in any litigation, the parties may have to spend

time and money on any claim, whether there is a pending counterclaim or not. Further, when a court rules adversely against a party in a property dispute, the ruling will generally interfere with that party's "free use and enjoyment of the disputed real property" from the perspective of the party who has received the adverse ruling. The certification simply does not identify potential hardships or injustices likely to occur apart from the typical stress and expense of civil litigation. Nor does it detail facts that establish exigent circumstances. We therefore conclude that the certification in this appeal does not satisfy the requirements of Rule 54(b).

Because we are dismissing for lack of an appealable order pursuant to Rule 54(b), we need not reach the Brockintons' third point, which is that the circuit court failed to include a proper legal description in its "final" order.

Dismissed without prejudice.

ABRAMSON and GLOVER, JJ., agree.

*C. James Kubicek* and *Robert S. Tschiemer*, for appellants.

*Greg Crumpton, P.A.*, by: *Greg Crumpton*; and *Wilson & Haubert, PLLC*, by: *Stefan K. McBride*, for appellees.