Cite as 2020 Ark. 24

# SUPREME COURT OF ARKANSAS

No. CV-19-341

|  |  |
|---|---|
|  | Opinion Delivered: January 23, 2020 |
| GERALDINE HENSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID HENSON, DECEASED<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-15-1506] |
| V. | HONORABLE MACKIE PIERCE, JUDGE |
| KELLEY CRADDUCK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; KEITH FERGUSON, INDIVIDUALLY; JEFF ROBINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JEREMY GUYLL; OLIN RANKIN; JANNA HULETT (IDENTIFIED AS JANNA LNU IN AMENDED COMPLAINT); MICHELE WILLS; WARREN LAFFERTY; ASSOCIATION OF ARKANSAS COUNTIES; BENTON COUNTY JAIL; BENTON COUNTY SHERIFF'S OFFICE; BENTON COUNTY, ARKANSAS; AND JOHN OR JANE DOES 8-25<br>APPELLEES | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Geraldine Henson, as personal representative of the estate of David

Henson, appeals the Benton County Circuit Court's dismissal of her complaint as being

barred by the applicable statutes of limitations. Appellees are former Benton County

Sheriff Kelley Cradduck; former Benton County Sheriff Keith Ferguson; Jeff Robins, Jeremy Guyll, Olin Rankin, Janna Hulett, Michele Wills, Warren Lafferty, all of whom work at the Benton County Detention Facility; Association of Arkansas Counties; Benton County Jail; Benton County Sheriff's Office; Benton County, Arkansas; and John or Jane Does 8-25. For reversal, appellant argues that (1) her complaint is not barred by any statute of limitations, (2) her complaint contains facts sufficient to state a claim, (3) appellees are not immune from tort or vicarious liability, and (4) the law-of-the-case doctrine precludes this court from reconsidering its ruling that the circuit court had subject-matter jurisdiction. We affirm.

On September 29, 2012, officers with the Rogers Police Department arrested David at his home. He had been drinking heavily that morning and in the days before his arrest. David was transported to the Benton County Detention Facility, where he was surrendered into the custody and control of the Benton County Sheriff. David remained in custody until sometime before noon on October 5, 2012, when he was released from custody due to his deteriorating medical condition. Although David was released, when guards called his wife, she advised them that she was at least eight hours away in Iowa and did not know of anyone locally who could assume responsibility for him. Consequently, David was placed into a "detox" cell while detention center officials attempted to find someone to assume responsibility for him. Shortly after 8:00 p.m. that night, detention center officials called for an ambulance to transport David to a hospital. David was transported to

2

Northwest Medical Center where he was hospitalized and died the next day from alcohol withdrawal and chronic alcoholism.[1]

Appellant was appointed administratrix of David's estate on August 14, 2014. As personal representative of David's estate, she filed a pro se wrongful-death complaint on October 5, 2015.[2] Appellant's original complaint named as defendants the Benton County Jail; the Benton County Sheriff's Office; Kelly Cradduck, individually and in his official capacity; and John Doe #1, John Doe #2, and John Doe #3, individually and in their official capacities. Appellant later obtained counsel and filed amended complaints on November 16, 2015, March 30, April 15, and May 9, 2016, incrementally adding some defendants and claims and abandoning others. Several motions to dismiss were filed, including two motions to dismiss the fourth amended complaint. In short, the defendants argued in their motions that the only remaining claims in the original complaint were brought against Cradduck in his official capacity and that those claims were barred by a two-year statute of limitations. *See* Ark. Code Ann. § 16-56-109 (Repl. 2005). The defendants further argued that all other claims brought in subsequent amended complaints were barred by a three-year statute of limitations, Arkansas Code Annotated section 16-56-

---

[1] The facts contained herein are taken from appellant's fourth amended complaint. Appellant's original complaint identified October 7, 2012, as the day Henson died.

[2] When a personal representative has been appointed, a wrongful-death suit "*shall* be brought by and in the name of the personal representative of the deceased person." Ark. Code Ann. § 16-62-102(b) (emphasis added).

105, or were otherwise improperly brought. After a hearing, the circuit court entered an order granting the motion to dismiss "for the reasons set forth in the motion and at the hearing." Appellant filed her first appeal, and this court dismissed the appeal without prejudice, concluding that the circuit court was not clear as to which motion to dismiss was granted and that the circuit court's August 10, 2016 order was not final because there were still claims pending against some defendants. *Henson v. Cradduck*, 2017 Ark. 317, 530 S.W.3d 847 (*Henson I*). On remand, the circuit court entered another order of dismissal and an amended order of dismissal, finding that appellant's claims were time-barred by the applicable statutes of limitations and granting all motions to dismiss. The circuit court specifically dismissed each defendant with prejudice and ordered that no claims or defendants remained. Appellant filed a timely appeal.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243. We look only to the allegations in the complaint and not to matters outside the complaint. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Id.*

The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377. This case, however, also involves the issue of whether appellant's original pro se complaint constitutes

4

the unauthorized practice of law. We employ a de novo standard of review for issues addressing the unauthorized practice of law. *DeSoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, 531 S.W.3d 396. A party's failure to timely object to the unauthorized practice of law does not prevent our review. *Id.*

Although it is appellant's final point on appeal, we first consider her claim that the law-of-the-case doctrine prevents this court from reconsidering its ruling that the circuit court had subject-matter jurisdiction. The law-of-the-case doctrine prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2018 Ark. 35, 537 S.W.3d 259 (internal citations omitted). The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Id.*

In this instance, the law-of-the-case doctrine does not bar our consideration of any issue in this case. This court in *Henson I* stated that "we cannot decide whether the circuit court lacked jurisdiction without a final order," and that "[w]e cannot conclude that the circuit court lacked subject-matter jurisdiction when we lack appellate jurisdiction." Thus, the premise of appellant's argument, i.e. that there is any ruling to reconsider, is erroneous. *Henson I* did not decide any issue other than whether this court obtained appellate jurisdiction. Because we lacked appellate jurisdiction, we could not have decided any other issue.

Having determined that the law-of-the-case doctrine does not preclude our review of any issue, we turn to appellees' argument that appellant's original complaint was a nullity and that all subsequent complaints were time-barred. The circuit court concluded that appellant's complaint was barred by the applicable statutes of limitations. Appellant's core argument is that our three-year statute of limitations applies to her claims. Appellant reasons that her first complaint was filed within the three-year statute of limitations and that all of her amended complaints relate back to that original complaint. Appellees respond that because appellant's first complaint was filed pro se, it constituted the unauthorized practice of law, and was therefore a nullity. Although this case involves a question as to the applicability of different statutes of limitations, appellant's original pro se complaint is the only complaint that was filed within the three-year statute of limitations. Therefore, resolution of this appeal turns on the validity of appellant's original complaint.

Appellees contend that appellant's unauthorized practice of law in filing her first complaint rendered it a nullity and that all other complaints were filed after three years, rendering them time-barred under any applicable statute of limitations. Appellant filed her initial complaint as the estate's personal representative. An administrator acting on behalf of an estate does so in a fiduciary capacity. *Ark. Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954). In *Union Nat'l*, this court determined that a bank acting as the personal representative of an estate had engaged in the unauthorized practice of law. We

6

also held that a person who is not a licensed attorney and is acting as an administrator cannot practice law in matters relating to his or her trusteeship on the theory that they are practicing for themselves. *Id.* In bringing a suit for wrongful death, a personal representative acts only as a "trustee of conduit," and any proceeds recovered are held in trust for the benefit of the beneficiaries and not the estate. *Brewer v. Lacefield*, 301 Ark. 358, 362, 784 S.W.2d 156, 158 (1990). Amendment 28 to the Arkansas Constitution provides that "[t]he Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." The unauthorized practice of law falls within this court's constitutional authority to control and govern the practice of law. *DeSoto Gathering*, 2017 Ark. 326, 531 S.W.3d 396. We have held that a nonlawyer estate administrator filing a pro se complaint on behalf of an estate in a wrongful-death action constitutes the unauthorized practice of law and renders the complaint a nullity. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). Such a complaint, "as a nullity never existed, and thus, an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected." *Id.* at 160, 72 S.W.3d at 94.

In *Davenport*, Ramona Davenport and her husband were appointed as administrators of the estate of Linda Kay Moore, who died after medical treatment. After their appointment, the Davenports filed a pro se complaint for wrongful death. The Davenports filed the complaint as administrators, and Ramona filed individually as an

7

heir.  The complaint was filed the day before the expiration of the applicable two-year statute of limitations.  About two months later, an attorney filed an addendum.  That was the first pleading signed by an attorney.  The circuit court ruled that the Davenports' pro se complaint was a nullity and that subsequent pleadings could not relate back.  We affirmed on appeal.  We concluded that the fact that Ramona filed suit as an individual heir did not alter the outcome because "every wrongful-death action must be brought by and in the name of the personal representative," and that the "wrongful-death code does not create an individual right in any beneficiary to bring suit."  *Davenport*, 348 Ark. at 159, 72 S.W.3d at 91.  Further, Ramona's individual-capacity claims also failed because a wrongful-death suit filed where no personal representative had been appointed was required to be filed "with all the statutory beneficiaries joined as parties to a suit."  *Id.*

According to the inconsistent complaints in this case, David died, at the latest, on October 7, 2012, and the three-year statute of limitations ran on October 7, 2015.  The original pro se complaint is the only complaint that was filed within that three-year period.  Appellant had been appointed administratrix of the estate and therefore could have brought the original complaint only as the estate's representative.  Pursuant to our *Davenport* decision, appellant's pro se complaint constituted the unauthorized practice of law and was a nullity.  Therefore, it could not subsequently be amended.[3]  The first

---

[3] Even if we were to ignore our statutory mandate and assume that the appellant brought her original complaint on her own behalf as an heir, it would not affect the

complaint filed by an attorney was filed on November 16, 2015. By the time an attorney filed a complaint, more than three years had passed since David's death, and appellant's claims were barred by the three-year statute of limitations. Therefore, the circuit court did not abuse its discretion when it dismissed the complaint as being untimely filed. Accordingly, appellant's arguments regarding the applicable statute of limitations, issues regarding John Doe defendants, whether her complaint stated a claim for relief, and the immunity of the parties, are moot, and we do not address them.

Affirmed.

HART and WOOD, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Henson's amended complaints relate back to her original complaint (which was filed before the expiration of the statute of limitations). The cases cited by the majority in support of its conclusion that the original complaint was a nullity are inapplicable to this case.

I. *Pleadings Relate Back*

---

outcome. We recognize that appellant claimed to be the only "heir" in her original pro se complaint. It is not clear, however, that she intended the term to include statutory beneficiaries. *See Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005) (discussing "heirs at law" referenced in the wrongful-death statute and statutory "beneficiaries"). For purposes of the statute, the statutory beneficiaries are considered heirs and the failure to join all statutory beneficiaries renders such a complaint a nullity. *Id.* Appellant's subsequent complaints, which she filed with the assistance of counsel and presumably used more precise language, all seek to bring claims on behalf of the estate and plural "statutory heirs" and "wrongful death heirs."

9

As a preliminary matter, if Henson's original complaint alleged even a single viable cause of action, then any subsequent amended complaints relate back to the date the original complaint was filed. "An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Ark. R. Civ. P. 15(c)(1). All of Henson's filings arise from the same conduct, transaction, or occurrence set forth in her original pleading: the arrest, confinement, and death of her husband. Therefore, to the extent her original complaint was not a nullity (as addressed below), then the amended complaints relate back.

## II. *Nullity*

The majority relies on *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), for the proposition that a nonlawyer estate administrator filing a pro se complaint on behalf of an estate in a wrongful-death action constitutes the unauthorized practice of law and renders the complaint a nullity. (Maj. Op. at 7). However, a close reading of *Davenport* shows that it is inapplicable to this case.

In *Davenport*, Ramona Davenport and her husband had been appointed as administrators for the estate of Ramona's deceased sister, Linda Moore. Importantly, Linda was also survived by her three adult children. Ramona and her husband filed a pro se complaint for wrongful death in their capacities as administrators of Linda's estate, and Ramona also filed in her capacity as one of Linda's heirs at law. On appeal, this court

concluded that the complaint was not viable as filed. Ramona and her husband could not file a pro se complaint as administrators of Linda's estate because "a trustee or personal representative is not acting for himself and in connection with his own affairs, but to the contrary is acting for others who would ordinarily be the beneficiaries." *Id.* Therefore, nonlawyer estate administrators (such as Ramona and her husband) filing a complaint seeking relief for the benefit of others (all the heirs at law) constituted the unauthorized practice of law. As to Ramona's individual claim as an heir at law, this claim also failed because (1) an individual may not file suit where a personal representative has been appointed, and because (2) where no personal representative has been appointed, a wrongful-death action shall be brought by all the heirs at law of the deceased. The rationale behind both reasons for the court's rejection of Ramona's individual claim is rooted in the fact that Linda was also survived by three adult children, and none of them had been made parties to Ramona's wrongful-death action.

But Henson's situation is significantly different from that in *Davenport.* While Henson had been appointed as administratrix of her husband's estate when she filed the original complaint, she was *also* an heir at law, and more importantly, she was the *only* heir at law. Accordingly, the concerns forming the basis of the court's decision in *Davenport* are simply inapplicable here. Put simply, why shouldn't Henson be able to pursue a claim that only she could benefit from?

11

Perhaps sensing that this issue is problematic for the majority's analysis, the majority tucks it away in a footnote reading as follows:

> Even if we were to ignore our statutory mandate and assume that the appellant brought her original complaint on her own behalf as an heir, it would not affect the outcome. *We recognize that appellant claimed to be the only "heir" in her original pro se complaint.* It is not clear, however, that she intended the term to include statutory beneficiaries. *See Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005) (discussing "heirs at law" referenced in the wrongful-death statute and statutory "beneficiaries"). For purposes of the statute, the statutory beneficiaries are considered heirs and the failure to join all statutory beneficiaries renders such a complaint a nullity. *Id.* Appellant's subsequent complaints, which she filed with the assistance of counsel and presumably used more precise language, all seek to bring claims on behalf of the estate and plural "statutory heirs" and "wrongful death heirs."

(Maj. Op. at 8 n.3) (emphasis added).

While Henson's original complaint was pro se, the original complaint explained that she was the "only" heir, and that is all that should be required in this situation. The majority's assessment of Henson's original complaint in this regard, i.e., "It is not clear, however, that she intended the term to include statutory beneficiaries[,]" entirely contravenes our rules and jurisprudence for pleadings. "[A] pleading which sets forth a claim for relief ... shall contain a statement in ordinary and concise language of *facts showing that the pleader is entitled to relief*." Ark. R. Civ. P. 8(a)(1). A complaint is to be "liberally construed so as to do substantial justice." Ark. R. Civ. P. 8(f). All reasonable inferences must be resolved in favor of sustaining the complaint. *Shepherd v. Washington Cty.*, 331 Ark. 480, 487, 962 S.W.2d 779, 781 (1998).

12

Henson's original complaint pled all the necessary facts. If we are to liberally construe Henson's complaint to do substantial justice, resolving all reasonable inferences in favor of sustaining the complaint, then we should reverse the lower court's decision to dismiss this case.

I dissent.

*Morris W. Thompson Law Firm P.A.*, by: *Morris W. Thompson*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Jason Owens Law Firm, P.A.*, by: *Jason E. Owens*, for appellees.