Cite as 2023 Ark. App. 599

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-22-321

| | |
|---|---|
| SHANE PERRY<br><br>APPELLANT<br><br>V.<br><br>WALMART STORES, INC.<br><br>APPELLEE | **Opinion Delivered** December 13, 2023<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-20-1150]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Shane Perry appeals from the March 29, 2021, order of the Benton County Circuit Court that dismissed with prejudice his wrongful-termination claim against appellee Walmart Stores, Inc., finding that Perry failed to plead sufficient facts to invoke the public-policy exception to Arkansas's at-will employment doctrine. On appeal, Perry argues that the complaint pleaded sufficient facts to support his allegation that he was terminated by Walmart for refusing to violate a federal criminal statute. He argues that the facts alleged were adequate to survive Walmart's motion to dismiss. We affirm.

Perry, a licensed attorney, was employed by Walmart as in-house counsel from 2002 until his termination in July 2017. In May 2020, Perry filed a complaint asserting claims of wrongful termination, negligence, and outrage. Walmart filed an emergency motion to seal the complaint pursuant to Arkansas Rule of Civil Procedure 5(c), alleging that the complaint contained significant

and unnecessary references to Walmart's confidential and privileged information. Specifically, Walmart argued that Perry's complaint was "replete with references to a June 2017 investigation by Walmart, the contents of which are protected from public disclosure by multiple protective orders." The circuit court granted Walmart's emergency motion to seal the complaint. Additionally, the circuit court granted permission to file all subsequent pleading, motions, and transcripts, etc., under seal and granted Walmart's request for a protective order prohibiting the dissemination of Walmart's confidential, privileged, or work-product documents to any third parties.

Walmart then, on July 23, 2020, filed a motion to dismiss Perry's complaint under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to plead facts sufficient to show that he is entitled to the requested relief. Following Perry's first amended complaint filed on August 13, Walmart renewed its motion to dismiss. On November 2, the circuit court entered an order finding Perry's negligence claim voluntarily dismissed without prejudice and granting Walmart's request to dismiss Perry's wrongful-termination claim without prejudice. The court further dismissed Perry's outrage claims with prejudice, with the exception of Perry's outrage claim as it related to an alleged child-abuse report made by Walmart to local law enforcement, to the extent the report was knowingly false.

Perry filed a second amended complaint on November 20, again asserting claims of wrongful termination and outrage. In response, Walmart filed another motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Walmart argued that Perry's wrongful-termination claim must be dismissed because Perry was an at-will employee, and he failed to plead facts to establish that Walmart terminated his employment in violation of the public policy of Arkansas. Walmart further moved the court to dismiss Perry's outrage claim because he failed to

2

verify his second amended complaint in compliance with Arkansas's Citizen Participation in Government Act, or "Anti-SLAPP" statute.

Perry filed another second amended complaint on January 13, 2021, asserting a wrongful-termination claim and a claim for the tort of outrage. Walmart once more moved to dismiss Perry's latest complaint, stating that Perry failed to state a cognizable claim of wrongful termination and that Perry again failed to appropriately verify the complaint in compliance with Arkansas's Anti-SLAPP statute.

Perry filed his final second amended complaint on March 23, maintaining his claims of wrongful termination and outrage. On March 29, the circuit court entered an order dismissing Perry's wrongful termination claim with prejudice and ordered Perry to file a verification in compliance with the Anti-SLAPP statutes.

Because the circuit court denied Walmart's motion to dismiss the outrage claim, it is still pending. Thus, no final judgment exists following entry of the dismissal order, and no appeal may be taken from it.[1] Consequently, Perry asked the circuit court to enter an order certifying the dismissal of the wrongful-termination claim for immediate appeal. On November 16, the court entered a judgment and a Rule 54(b) certificate finding there is no just reason for delay of the entry of final judgment and that an immediate appeal of the wrongful-termination claim may be taken.

Perry now appeals the dismissal of his wrongful-termination claim against Walmart.

We first consider Walmart's contention that the appeal is not properly before us. Walmart asserts that because the order on appeal did not dispose of Perry's outrage claim, there is not a final,

---

[1]*See* Ark. R. Civ. P. 54.

appealable order, and therefore, we are without jurisdiction to consider the appeal. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure.[2] Rule 54(b) provides in part that the circuit court may direct entry of a final judgment "only upon an express determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for entry of judgment." Further, the rule provides that if such a determination is made, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]" We have consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice.[3]

Walmart acknowledges that the circuit court executed a Rule 54(b) certificate. However, Walmart argues that the courts look with disfavor upon intermediate appeals, and this case does not present an exceptional situation in which an interlocutory appeal will alleviate a discernible hardship. Walmart argues that the "hardships" the circuit court identified in support of certification do not rise to the level of hardship required to justify execution of a Rule 54(b) certificate. We disagree.

With respect to the Rule 54(b) certificate, the circuit court made the following findings:

---

[2] *See Robinson v. Villines*, 2012 Ark. 211.

[3] *Id.*

4

1.     This case involves multiple claims against multiple parties.  Yet, as explained above, the facts supporting the multiple claims are interrelated.  Plaintiffs cannot try the outrage claim without delving into the facts supporting the wrongful-termination claim.  If the outrage claim is tried without the wrongful-termination claim being tried also, and the decision to grant dismissal of the wrongful-termination claim is determined to be incorrect, a second trial will be necessitated irrespective of the outcome of the first trial in which many, if not all, of the same items of evidence will be presented to a different jury on which the jury will make findings of fact.

2.     Judicial economy is served by certification of the dismissed claim for immediate appeal, and certification would benefit both the Court and the parties.  *Howard v. The Dallas Morning News*, 324 Ark. 91, 918 S.W.2d 178 (1996); *Masterson v. Stambuck*, 321 Ark. 391, 902 S.W.2d 803 (1995); *Commercial Trust Co. v. Lorcin Engineering, Inc.*, 321 Ark. 210, 900 S.W.2d 202 (1995).  Failure to certify, in fact, introduces a high degree of probability that two separate juries will hear the evidence supporting the exact same allegations of fact and could come to different conclusions.  An order pursuant to Rule 54(b) is the only real alternative.  A compelling, discernible hardship would ensue if this case were not certified for appeal.

3,     For these reasons, the Court concludes that a compelling, discernible hardship would ensue if this case were not certified for appeal.  *Fisher v. Citizens Bank*, 307 Ark. 258, 259, 819 S.W.2d 8, 9 (1991).  No appeal and no resolution can be had without certification.

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Ark. R. Civ. P. 54(b)(1), that it has determined that there is no just reason for delay of the entry of a final judgment and the Court has and does hereby direct that the above judgment granting dismissal of the wrongful-termination claim be a final judgment for all purposes.

A circuit court's Rule 54(b) findings and certifications are reviewable for an abuse of discretion.[4] The role of the appellate court is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record."[5]  Here, the complaint alleged claims of wrongful termination and

---

[4]*Barton v. Brockinton*, 2016 Ark. App. 138, 487 S.W.3d 820.

[5]*Bayird v. Floyd*, 2009 Ark. 455, at 5, 344 S.W.3d 80, 84.

outrage. The circuit court, in its Rule 54(b) certificate, concluded that the underlying facts of the dismissed wrongful-termination claim and the still pending claim of outrage are so interrelated, the same evidence would support both claims. The court explained that if the outrage claim proceeds to trial and then the dismissal of the wrongful-termination claim is reversed, it would proceed to trial separately but on the very same facts and evidence. There would be two trials, with the second being largely duplicative of the first. In *Franklin v. Osca, Inc.*,[6] our supreme court held that an immediate appeal was warranted to avoid a duplicative trial. Consequently, we hold that the Rule 54(b) certificate is sufficient, and the execution thereof was not an abuse of the circuit court's discretion.

In reviewing a circuit court's decision on a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.[7] In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed.[8] We look only to the allegations in the complaint and not to matters outside the complaint.[9] We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation.[10] Our rules require fact pleading, and a complaint must

---

[6]308 Ark. 409, 825 S.W.2d 812 (1992).

[7]*Dollarway Patrons for Better Schs. v. Morehead*, 2010 Ark. 133, 361 S.W.3d 274.

[8]*Id.*

[9]*Henson v. Cradduck*, 2020 Ark. 24, 593 S.W.3d 10.

[10]*Id.*

state facts, not mere conclusions, in order to entitle the pleader to relief.[11] Rule 12(b)(6) of the Arkansas Rules of Civil Procedure requires dismissal when a complaint fails to "state facts upon which relief can be granted." The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion.[12] We consider questions of law de novo.[13]

In June 2011, Perry was assigned to perform work related to Walmart de Mexico as part of his job duties, and in November 2011, Perry visited Mexico City as part of those job duties. Subsequently, Perry submitted a report to his supervisors regarding his Mexico City assignment. The specific details of Perry's findings and the report written thereafter are sealed and not necessary for the purposes of this appeal. In 2014, Perry was transferred to Mexico City to serve as an ethics officer for Walmart de Mexico. Perry returned to Walmart's home office in Bentonville, Arkansas in June 2016. In February 2017, while Walmart was purportedly under investigation by the federal government, Perry was interviewed by Walmart's outside counsel—five defense lawyers— regarding the report Perry prepared and emailed to senior management in November 2011. Perry asserts that the contents of the report became relevant to settlement negotiations between Walmart and the government. Perry contends that during the interview with Walmart's lawyers, he felt intimidated and threatened; however, he refused to make changes to the report. Perry contends that he was terminated by Walmart as "punishment and retaliation" for his refusal to change the report to lessen Walmart's liability related to the federal government's investigation.

---

[11]Ark. R. Civ. P. 8(a)(1).

[12]*York v. GALR, LLC*, 2022 Ark. App. 287, 647 S.W.3d 1.

[13]*Id*.

Perry filed a wrongful-termination complaint against Walmart alleging that Walmart wrongfully terminated his employment in violation of the public policy of the State of Arkansas. He claims that he was fired for refusing to falsify evidence in an investigation for violation of a federal statute.

In Arkansas, an employer may terminate an employee for good cause, bad cause, or no reason at all under the employment at-will doctrine.[14] The question of malice on the part of the employer is irrelevant.[15] Under a public-policy exception, an at-will employee may sue for termination "in violation of a well-established public policy of the state."[16] This exception applies only when the reason alleged to be the basis for a discharge is so repugnant to the general good as to deserve the label "against public policy."[17] The limited public-policy exception does not "protect merely private or proprietary interests."[18] When a wrongful-termination claim seeks only the redress of a private wrong, the public-policy exception does not apply, and the complaint does not state facts upon which relief can be granted.[19] To invoke the public-policy exception to the at-will employment doctrine, a plaintiff must identify a public policy outlined in our statutes.[20] The exception may apply when an

---

[14]*Hice v. City of Fort Smith*, 75 Ark. App. 410, 58 S.W.3d 870 (2001).

[15]*Id.*

[16]*Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988).

[17]*Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559.

[18]*Id.*

[19]*Smith v. Am. Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991).

[20]*Tripcony*, *supra*.

8

employee reported a violation of state law or refused to violate a state statute.[21] However, the public-policy exception does not apply when an employee reported practices that did not violate a state statute, even if the practices or actions affected the public good.[22]

Perry concedes that he was an at-will employee of Walmart. However, as stated above, Perry alleges that he was terminated from his employment for refusing to violate the law by falsifying evidence. To support his wrongful-termination claim, Perry relies on Arkansas Code Annotated section 5-53-110,[23] which makes it a felony to induce or attempt to induce another person to testify or inform falsely. Perry claims that during his February 2017 interview, Walmart's outside counsel referenced the financial costs and risks of the government investigation, informed him that his report was the most critical document impacting the value of the settlement with the government, and asked him to explain how he reached the conclusions stated in the report and questioned his confidence regarding the correctness of the conclusions. Taking Perry's allegations as true, as we must, the complaint fails to state a claim upon which relief can be granted. Perry does not allege that Walmart, at any time, asked or told him to change his report or testify falsely. Perry's allegations merely amount to a conclusory assertion that the intent behind the interview with Walmart's counsel was to induce Perry to discredit the report. An employee suing under the public-policy exception to the at-will doctrine must allege that conduct required of him by the employer would have amounted to a violation of a statute and that his discharge was attributable to a refusal to perform the unlawful

---

[21]*Id.*

[22]*See Palmer v. Ark. Council on Econ. Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001).

[23](Supp. 2023).

task. Perry's second amended complaint fails to state that Walmart asked him to alter his report or his testimony to the government in violation of a statute.

Further, Perry was an at-will employee and was subject to termination by Walmart at any time, for any reason. Notwithstanding his at-will employment status, Walmart contends Perry's employment was terminated after an exhaustive investigation confirmed multiple reports of misconduct and violations of Walmart policy. Specifically, in June 2017, Perry was the subject of an internal investigation resulting from allegations of sexual harassment and gender discrimination. As a result of the investigation, Walmart submitted a report to the Bentonville Police Department related to allegations discovered during Walmart's investigation of misconduct by Perry. Walmart asserted that its decision to terminate Perry's employment was derived, in part, from certain information obtained during the investigation.

In sum, we affirm the circuit court's dismissal of Perry's wrongful-termination claim under Rule 12(b)(6) finding that Perry failed to allege facts sufficient to invoke the public-policy exception to the at-will employment doctrine.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellant.

*Kutak Rock LLP*, by: *Russell C. Atchley*; *RMP LLP*, by: *Tim Hutchinson* and *Bo Renner*; and *Quattlebaum, Grooms & Tull, PLLC*, by: *E. B. Chiles IV* and *Sarah Keith-Bolden*, for appellee.